IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,           No. CR S-04-0357 MCE DAD P

    vs.

FAISAL RASHID,

    Movant.               FINDINGS AND RECOMMENDATIONS

_____/

        Movant Faisal Rashid is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Movant alleges that in this matter he entered a plea agreement unknowingly and involuntarily because his attorney erroneously led him to believe that he would receive a sentence of 186 months in prison by pleading guilty. For the reasons stated below, the court recommends that the motion be denied.

**BACKGROUND**

        On August 10, 2007, movant entered a plea of guilty pursuant to a plea agreement to: conspiracy to import, possess, and distribute a List I chemical, knowing and having reasonable cause to believe that it will be used to make a controlled substance in violation of 21 U.S.C. § 846, § 841(c)(2), and § 960(d)(3); possession of a machine gun in violation of 18

1

U.S.C. § 922(o); conspiracy to launder money and international money laundering, in violation of 18 U.S.C. § 1956(h) and § 1956(a)(2)(A); conspiracy to smuggle goods into the United States in violation of 18 U.S.C. § 371 and § 545; and possession of a List I chemical in violation of 21 U.S.C. § 841(c)(2). (Answer, Ex. 1 - Plea Agreement at 1.)[1] On November 29, 2007, the court sentenced movant to the custody of the United States Bureau of Prisons for a term of 210 months, with a three year term of supervised release following his release from confinement, restitution in the amount of $ 3,228.00 and a $ 500 special assessment. (Judgment and Commitment (Doc. No. 179) at 1-6.)

Under the plea agreement entered by the parties, the Government agreed to dismiss without prejudice the remaining counts of the indictment against movant in the original and superseding indictments. (Answer, Ex. 1 - Plea Agreement at 5.) The Government also agreed not to oppose a three-level reduction in movant's offense level for acceptance of responsibility under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1. (Id.) In exchange, movant specifically agreed to, among other things, "give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court consistent with the stipulations set forth above about the Sentencing Guidelines variables."[2] (Id. at 11.) By entering this plea agreement, movant also agreed to waive "any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence." (Id.)

/////

---

[1] The Government did not number the exhibits attached to its answer to the pending § 2255 motion. For the sake of consistency, the court will refer herein to the Plea Agreement attached to the answer as Exhibit 1 and the Change of Plea Transcript attached to the answer as Exhibit 2.

[2] The Government and movant stipulated and agreed in the plea agreement that movant's adjusted offense level under the U.S.S.G. was 38. (Answer, Ex.1 - Plea Agreement at 10.)

Movant filed his pending § 2255 motion on December 2, 2008. On April 2, 2009, the Government filed a timely answer, requesting that the court deny the motion. Movant filed a reply on May 8, 2009.

**LEGAL STANDARDS**

A motion to vacate, set aside, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief if "the court finds . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir.2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). While a petitioner is not required to allege facts in detail, he must make factual allegations. Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is only required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

**DISCUSSION**

I. Waiver of § 2255 Rights

Movant argues, and the Government concedes, that the waiver of his § 2255 rights in the plea agreement does not preclude the court from considering his ineffective assistance of counsel claim. (Mem. of Law in Supp. of Mot. (Mem.) at 4-6; Answer at 3.) The court agrees.

When a petitioner alleges, as movant does here, that he entered a plea agreement unknowingly or involuntarily as the result of the ineffective assistance of counsel, his claim is not barred by the plea agreement's waiver of § 2255 rights.  See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement waiving the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 does not preclude an ineffective assistance of counsel claim attacking the voluntariness of the waiver); see also United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) (acknowledging that other circuits have uniformly held that a waiver of § 2255 rights is unenforceable when a petitioner challenges the waiver's validity on ineffective assistance of counsel grounds).  Therefore, the court will address the merits of movant's ineffective assistance of counsel claim here.

II. Ineffective Assistance of Counsel

Movant alleges that his counsel rendered ineffective assistance by incorrectly promising him that he would receive a sentence of a 186-month term of imprisonment if he pleaded guilty to the charges.  (See Mem. at 9.)  Movant claims that absent this alleged promise from his attorney, he would not have entered into the plea agreement.  (Id. at 5.)  Rather, petitioner maintains, he "would have retained options such [as] proceeding to trial." (Id.)

The Government contends that movant's ineffective assistance of counsel claim is entitled to "no weight" and should be dismissed without an evidentiary hearing.  (Answer at 4.) The Government emphasizes that movant's claim is directly contradicted by the record in this case as reflected both in the plea agreement and the transcript of the change of plea hearing. There, movant specifically stated that he was not induced to plead guilty by any promise not contained in the plea agreement itself. (Id.)  The Government also argues that even if movant's counsel did promise him a 186-month sentence, in this case movant is not entitled to relief or to withdraw his guilty plea because his counsel's prediction was not "a gross mischaracterization of the likely outcome." (Id. at 6.)  The court finds the Government's argument persuasive.

/////

4

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a movant must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. 466 U.S. at 687-88. After a movant identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003). Second, a movant must establish that he was prejudiced by counsel's deficient performance. Strickland, 466 U.S. at 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, this requires a petitioner to prove that there is a reasonable probability that he "would not have pleaded guilty [but rather] would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (addressing a claim that a plea was involuntary because defense counsel misinformed petitioner about his parole eligibility under the plea agreement).[3] A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'"

---

[3] A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. See also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).

1  Kimmelman, 477 U.S. at 381 (quoting Strickland, 466 U.S. at 689).  See also United States v.
2  Palomba, 31 F.3d 1456, 1466 (9th Cir. 1994).  There is in addition a strong presumption that
3  counsel "exercised acceptable professional judgment in all significant decisions made." Hughes
4  v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

5            In this case, movant's ineffective assistance of counsel claim is belied by the
6  record.  The plea agreement clearly reflects that movant, in pleading guilty to the relevant
7  charges, did not rely on any promise made by his counsel regarding the length of the sentence he
8  would receive.  Movant's signed plea agreement specifically states, in relevant part, that:

> Sentencing is a matter solely within the discretion of the Court . . .,
> and the Court may in its discretion impose any sentence it deems
> appropriate up to and including the statutory maximum stated in
> this Plea Agreement. . . . **The defendant understands that
> neither the prosecutor, defense counsel, nor the Court can
> make a binding prediction or promise regarding the sentence
> he will receive.**

13 (Answer, Ex. 1 - Plea Agreement at 3) (emphasis added.)  Moreover, during his change of plea
14 hearing, movant specifically reaffirmed under oath that he understood that the court, and not the
15 attorneys, would determine his sentence:

> THE COURT:  Have you discussed with [your attorney] the factors
> that the Court must take into consideration when determining what
> your sentence will be?
>
> THE DEFENDANT [Movant]:  Yes.
>
> * * *
>
> THE COURT:  Do you understand that the Court will not be able
> to determine what sentence you're going to receive today . . . [and]
> [t]hat the only time the Court can determine what the sentence will
> be for you will be after it has reviewed all the relevant factors for
> your particular case . . . .  Do you understand that?
>
> THE DEFENDANT [Movant]:  Yes.

24 (Answer, Ex. 2 - Rep.'s Tr. Of Change of Plea Hr'g, Aug. 10, 2007 (R.T.), at 10-11.)  At that
25 hearing, movant also denied that his guilty plea was induced by any promise that was not
26 contained in the plea agreement itself:

6

> THE COURT:  Has anyone made any promises to you other than what has been stated in the written Plea Agreement or here in open court in order to try to induce you to enter your pleas of guilty today?
>
> THE DEFENDANT [Movant]:  No.
>
> THE COURT:  Has anyone threatened you in any way to try to force you to enter your pleas of guilty?
>
> THE DEFENDANT [Movant]:  No.

(R.T. at 6-7.)

In light of movant's own statements at the time he entered his pleas, the court is compelled to find that his bald allegations are wholly incredible and that an evidentiary hearing is unwarranted in this case. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989) ("[If] the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record, no evidentiary hearing is required."). As one court has observed under similar circumstances,

> To hold otherwise would invite an onslaught of frivolous petitions seeking to invalidate plea agreements on the basis of alleged and unsubstantiated promises made by counsel.

Resnick v. United States, No. C 07-02885 MHP, 2008 U.S. Dist. LEXIS 37338, at *9 (N.D. Cal. May 7, 2008) (denying an evidentiary hearing in connection with a motion for relief under § 2255 where the record contradicted petitioner's claim that his counsel promised him a 77-month sentence). See also United States v. Flores-Vasquez, No. 06-CV-2458 J, 2007 U.S. Dist. LEXIS 38980, at *5-8 (S.D. Cal. May 29, 2007) (denying relief under § 2255 on a claim of ineffective assistance of counsel because the record controverted petitioner's allegations).

Even assuming arguendo that movant's allegations were to be found credible, movant would not be able to satisfy either prong of the Strickland test. First, counsel's alleged promise of a probable 186- month prison sentence instead of the prison term of 210 months that was eventually imposed, was not an error so serious that counsel's performance could be said to fall below an objective standard of reasonableness. As the Ninth Circuit has explained,

7

> We have held that an erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea, United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871, 110 S. Ct. 199, 107 L. Ed.2d 153 (1989), although an exception might be made in a case of gross mischaracterization of the likely outcome, Turner, 881 F.2d at 687 (citing Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986)).

United States v. Michlin, 34 F.3d 896, 899 (9th Cir. 1994). See also United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005); United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990) ("'[E]rroneous predictions regarding a sentence are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with . . . erroneous advice on the probable effects of going to trial.'"); United States v. Bahna, No. CV 08-1249 ABC, CR 05-982 ABC, 2009 WL 361861, at *12 (C.D. Cal. Feb. 11, 2009) ("The general rule is that an inaccurate prediction of sentence by defense counsel does not entitle a defendant to challenge his guilty plea.")[4]

      Here, counsel allegedly promised movant that he would receive a sentence of 186 months (15.5 years) imprisonment if he pleaded guilty. (Movant's Mem. in Support at 9.) The court sentenced movant to a total term of 210 months (17.5 years) imprisonment. (Id.) Under these circumstances, the court cannot conclude that the two year discrepancy between counsel's alleged promise and movant's actual sentence was such a gross mischaracterization of the likely outcome that counsel's performance could be said to be deficient. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (rejecting a claim of ineffective assistance of counsel where the movant received a 15 year sentence after his counsel told him that he would not receive a term greater than 12 years if he pleaded guilty on the grounds that any inaccuracy in

---

[4] To the extent that movant attempts to differentiate between a promise as opposed to a prediction of the likely sentence on the part of his counsel, the court finds his argument unpersuasive. (Reply at 3-4.) The court's analysis, in this case, remains the same whether movant alleges that his attorney made a promise, a prediction, or an estimation of the sentence he would receive under the plea agreement.

counsel's prediction did not rise to the level of a gross mischaracterization).

Second, movant did not suffer any prejudice as a result of his counsel's alleged promise as to what his sentence would be. During the change of plea hearing, the court explained to movant that only the court would be able to determine his sentence. (RT at 10-11.) Movant indicated on the record that he understood. (Id.) Therefore, the court dispelled any reliance movant may have misplaced on his attorney's alleged promise. Movant was fully aware, prior to entering his plea, that his attorney could not guarantee him a specific sentence. See Womack v. McDaniel, 497 F.3d 998, 1003 (9th Cir. 2007) (finding that defendant did not suffer any prejudice from his attorney's erroneous advice because the court's plea colloquy corrected any flawed assumptions defendant may have had); Doganiere, 914 F.2d at 168 (finding that movant suffered no prejudice from his attorney's prediction because in taking his plea the court explained that the discretion as to what his sentence would be remained entirely with the court).

In sum, the court finds that movant's claim is wholly incredible in light of the record in this case. An evidentiary hearing is therefore unnecessary. Moreover, even if the court assumes that his allegations are credible, movant has failed to satisfy either prong of the Strickland test with respect to his ineffective assistance of counsel claim. Accordingly, his motion for relief brought pursuant to 28 U.S.C. § 2255 should be denied.

## CONCLUSION

For the reasons set forth above, IT IS HERE BY RECOMMENDED that:

1. Movant's December 2, 2008 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 200) be DENIED; and

2. The Clerk of the Court be directed to close the companion civil case No. CIV S-08-02956 MCE DAD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one  days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time waives the right to appeal the
5  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
rash0357.2255